IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Criminal No. 3:18-cr-00075-REP |
| | ) | |
| FLORIN BERSANU, | ) | |
| a.k.a., "KIM OLSEN," | ) | |
| | ) | |
| *Defendant.* | ) | |

## STATEMENT OF FACTS

The United States and the defendant stipulate that the following facts are true, and had this matter proceeded to trial the United States could have proven them beyond a reasonable doubt:

1. Beginning in or before January 2018, the exact date being unknown, and continuing until May 5, 2018, the defendant, FLORIN BERSANU, a.k.a., "KIM OLSEN," conspired with VIOREL ANTOANEL NABOIU, also known as "LUIGI LATORZA," along with other individuals, to knowingly execute and attempt to execute a scheme and artifice to defraud and to obtain money and property under the custody of financial institutions (as that term is defined in Title 18, United States Code, Section 20) by means of materially false and fraudulent pretenses, representations, and promises, in violation of Title 18, United States Code, Sections 1344 and 1349.

2. BERSANU, in an effort to enrich himself, engaged in a scheme and artifice to defraud financial institutions so that he could obtain monies these financial institutions were holding on behalf of their customers. To execute the scheme, BERSANU, NABOIU and their other conspirators fabricated skimming devices that they inserted into the card slot of automated

teller machines (ATMs) located at branches owned by these financial institutions. These skimming devices were concealed deep inside the ATM card reader or placed in concealment devices on the exterior of the card reader. When bank and credit union customers used their payment cards to conduct transactions at these ATMs, the skimming devices recorded the information stored on the magnetic stripe ("magstripe") from these payment cards, which included the account number, cardholder name, and other information necessary for financial transactions. The information recorded from these payment cards was stored on a memory chip incorporated into the skimming device. BERSANU, NABOIU and the other conspirators also installed pinhole cameras on or near the ATMs, disguising these cameras behind plastic flashing material that they mounted onto the ATM housing in a manner that caused the entire device to blend inconspicuously into the exterior of the ATM.

3. After installing the skimming devices and cameras, the conspirators, including BERSANU, would return to the ATM, recover the devices, extract the debit card information from the memory chip of the skimmer and determine the card's associated personal identification number (PIN) by reviewing the video recorded by the camera. Using this information, the conspirators encoded the compromised card account numbers onto blank plastic magnetic stripe cards using a laptop computer and a magstripe recorder. With the newly encoded cards in hand, BERSANU, NABOIU and other conspirators made unauthorized cash withdrawals from the ATMs owned by these financial institutions.

4. During the course of BERSANU's known involvement in the scheme, BERSANU and the other conspirators installed skimming devices and cameras on ATMs at the following locations, all of which were owned by "financial institutions" as that term is defined in Title 18, United States Code, Section 20:

2

| Date of Installation | Financial Institution | Location of ATM Where Skimming Device Was Installed | Whether Account Numbers Were Successfully Skimmed | Number of Access Devices Skimmed |
|---|---|---|---|---|
| 1/21/2018 | BB&T | Oyster Point, Newport News, VA | Success | 53 |
| 2/18/2018 | BB&T | Penisula Main, Newport News, VA | Success | 11 |
| 2/28/2018 | BB&T | Skipwith Rd., Henrico, VA | Success | 103 |
| 3/3/2018 | Henrico FCU | W. Broad St., Henrico, VA | Success | 10 |
| 3/26/2018 | TowneBank | Bell Creek Rd., Mechanicsville, VA | Attempt | 0 |
| 3/27/2018 | Henrico FCU | Laburnum Ave., Henrico, VA | Attempt | 0 |
| 3/28/2018 | Henrico FCU | Dixon Powers Dr., Henrico, VA | Attempt | 0 |
| 4/14/2018 | United Bank | Dunbar, WV | Success | 27 |
| 4/14/2018 | United Bank | Hurricane, WV | Success | 60 |
| 4/27/2018 | Pen Air FCU | Industrial Blvd., Pensacola, FL | Success | 202 |
| 4/28/2018 | Eglin FCU | E. Hollywood Blvd., Mary Esther, FL | Success | 225 |
| 4/28/2018 | Pen Air FCU | Gulf Breeze Pkwy., Gulf Breeze, FL | Success | 37 |
| 5/5/2018 | Eglin FCU | E. Hollywood Blvd., Mary Esther, FL | Success | 2 |
| 5/5/2018 | Eglin FCU | Navarre Pkwy., Navarre, FL | Attempt | 0 |
| | | | **Total** | **730** |

5.  Specific to Count Eight, on March 3, 2018, the defendant, FLORIN BERSANU, made a withdrawal of $200 from the BB&T Bank Branch, 5001 Lakeside Avenue, Richmond,

3

Virginia, using an unauthorized access device, *i.e.,* a BB&T debit card number xxxx-xxxx-xxxx-0797, along with the corresponding PIN for that account, both of which belonged to an individual identified herein as B.R.S., who had not given the defendant or any of his coconspirators permission to use either number.

6. The defendant understands that the losses described above are only a portion of the total loss amount that he may be responsible for at sentencing with regard to determining his applicable guideline range and restitution, and that the Court will determine the total amount at sentencing.

7. The defendant took the above actions willfully, knowingly, and with the specific intent to violate the law. The defendant did not take those actions by accident, mistake, or with the belief that they did not violate the law.

Respectfully submitted,

G. ZACHARY TERWILLIGER
UNITED STATES ATTORNEY

By: _____  Janet Jin Ah Lee
Brian R. Hood                              for
Assistant United States Attorney
Office of the United States Attorney
919 East Main Street, Suite 1900
Richmond, Virginia 23219
Phone: 804-819-5400
Brian.Hood@usdoj.gov

After consulting with my attorney and pursuant to the plea agreement entered into this day between the United States and myself, I stipulate that the above Statement of Facts is true and accurate to the best of my knowledge, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

_____
FLORIN BERSANU
Defendant

I am the defendant's attorney. I have carefully reviewed the above Statement of Facts with him. To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

Date: 9-7-2018      _____
Nia Vidal
Counsel for the Defendant